FILED
IN CLERKS OFFICE

2020 DEC -8 PM 2: 09

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.           )<br>)<br>RICHARD D. MCLAUGHLIN, )<br>)<br>Defendant.  )<br>)<br>)<br>)<br>)<br>) | CRIMINAL NO. 20cr10310<br><br>VIOLATIONS:<br><br>Counts One – Five: Aiding and Assisting the Filing of False Tax Returns<br>(26 U.S.C. § 7206(2))<br><br>Counts Six – Eight: Mail Fraud<br>(18 U.S.C. § 1341)<br><br>Forfeiture Allegation:<br>18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461(c) |

## INFORMATION

At all times relevant to this Information:

### General Allegations

1. RICHARD D. MCLAUGHLIN ("MCLAUGHLIN") resided in Brockton, Massachusetts.

2. MCLAUGHLIN was the primary owner and operator of McLaughlin Brothers Equipment Corporation ("McLaughlin Equipment"), a construction company located in Brockton, Massachusetts. MCLAUGHLIN also owned and operated McLaughlin Brothers Contracting Corp. ("McLaughlin Contracting"), A. Vozzella & Sons, Inc., Blue Fin Corporation and Underground Utility Contractor, Inc.

## Federal Tax Requirements

3. The Internal Revenue Service ("IRS") is an agency of the United States Department of the Treasury responsible for administering and enforcing the tax laws of the United States.

4. Under the tax laws, employers have a duty to withhold and pay over to the IRS federal income taxes and the employee's portion of Federal Insurance Contributions Act taxes ("FICA") consisting of Social Security and Medicare taxes.

5. Under the tax laws, employers also have a duty to pay over to the IRS the employer's matching portion of FICA, consisting of 6.2 percent of employee wages for the Social Security tax and 1.45 percent of employee wages for the Medicare tax.

6. The withholding and payment of these taxes is required to be reported on a quarterly basis by the employer to the IRS using IRS Form 941, Employer's Quarterly Tax Return.

7. The total annual wages paid to all employees and an unemployment tax paid by the employer based on the first $7,000 of each employee's wages are required to be reported on an annual basis by the employer to the IRS using IRS Form 940, Employer's Annual Federal Unemployment Tax Return ("FUTA").

## Massachusetts Workers' Compensation Insurance Requirements

8. The Massachusetts workers' compensation system was established to provide insurance for workers who are injured on the job or contract a work-related illness. Workers' compensation insurance was established to pay for reasonable and necessary medical treatment related to the injury or illness and to pay partial compensation for lost wages.

9. Under the workers' compensation system, employers are required by law to provide workers' compensation insurance coverage for all their employees.

10. A workers' compensation insurance policy typically runs for a period of one year. At the beginning of each policy period, the insurance carrier assesses the employer an estimated premium based on the employer's representations regarding the estimated number of employees, estimated wages to be paid to the employees and job risk classifications of the employees for the policy period.

11. At the end of the policy period, the insurance carrier conducts an audit to determine the actual premium based on the employer's representations regarding the actual number of employees, actual wages paid to the employees and actual job risk classifications of the employees for the completed policy period.

12. Where the audit indicates that the actual number of employees and actual wages paid to employees exceeded the estimated number of employees and wages, the insurance carrier charges the employer an additional premium. Where the audit indicates the actual number of employees and actual wages paid to the employees were less than the estimated number of employees and wages, the insurance carrier refunds to the employer a portion of the pre-paid premium.

<u>The False Tax Returns</u>

13. From at least January 2005 and continuing thereafter to at least February 2011, MCLAUGHLIN paid a portion of the wages to employees of McLaughlin Equipment and McLaughlin Contracting through two payroll services, ADP, LLC and QuickBooks Payroll Service. MCLAUGHLIN authorized and directed ADP, LLC and QuickBooks Payroll Service to file IRS Forms 940 and Forms 941 with the IRS on his behalf, based on information

MCLAUGHLIN provided to ADP, LLC and QuickBooks Payroll Service. ADP, LLC and QuickBooks Payroll Service withheld, paid over and reported to the IRS the required employee income taxes and FICA, together with the employer's portion of the FICA, based on the information MCLAUGHLIN provided to them.

14. During that same period, unbeknownst to ADP, LLC and QuickBooks Payroll Service, MCLAUGHIN paid an additional portion of the wages totaling approximately $2.9 million to employees of McLaughlin Equipment and McLaughlin Contracting "under the table," by using funds withdrawn from bank accounts MCLAUGHLIN established solely for that purpose.

15. The wages paid to employees "under-the-table" were not reported to the IRS.

16. As a result, MCLAUGHLIN failed to withhold and pay over to the IRS income taxes and FICA from the wages paid to employees "under-the-table." MCLAUGHLIN also failed to pay over to the IRS the employer portion of FICA owed to the IRS for the under-the-table wages.

17. Beginning at least with the first quarter of 2008 and continuing thereafter until at least the fourth quarter of 2010, MCLAUGHLIN caused IRS Forms 941 (Employer's Quarterly Tax Returns) to be filed with the IRS, which Forms 941 failed to report the wages paid to employees "under the table."

18. Beginning at least with calendar year 2008 and continuing thereafter through at least calendar year 2010, MCLAUGHLIN caused IRS Forms 940 (Employer's Annual Federal Unemployment Tax Returns) to be filed with the IRS, which Forms 940 failed to report the total wages paid to all employees by excluding the wages paid to employees "under-the-table."

### The Workers' Compensation Insurance Scheme to Defraud

19. At times relevant to this Information, multiple insurance carriers provided workers' compensation policies to McLaughlin Equipment and McLaughlin Contracting, including National Union Fire Insurance Company of Pittsburgh, PA (a division of Chartis Insurance), ACE Property and Casualty Insurance Company, and AMTrust North America, Inc. (an AMTrust Financial Company).

20. Beginning at least in November 2008 and continuing thereafter to at least November 2011, MCLAUGHLIN obtained three annual workers' compensation insurance policies in the name of McLaughlin Contracting whereby he purported to provide workers' compensation insurance for all employees of McLaughlin Equipment and McLaughlin Contracting.

21. For each of the annual policy periods, the insurance carriers conducted audits whereby the carriers relied upon representations of MCLAUGHLIN and employees of McLaughlin Equipment and McLaughlin Contracting, including presentation of IRS Forms 941 and IRS Forms 940, in an attempt to determine the actual number of employees and the actual wages paid to those employees during the policy period.

22. For each of the annual policy periods, MCLAUGHLIN caused false and fraudulent representations to be made to the insurance carrier auditors, including presentation of false IRS Forms 941 and false IRS Forms 940, which underreported the actual number of employees and the actual wages paid to those employees during the policy period.

COUNTS ONE - FIVE
Aiding and Assisting the Filing
Of False Tax Returns
(26 U.S.C. § 7206(2))

The United States Attorney charges:

23. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 22 of this Information.

24. On or about the dates set forth below, in the District of Massachusetts, the defendant,

RICHARD D. MCLAUGHLIN,

did willfully aid and assist in, procure, counsel, and advise the preparation and presentation under and in connection with any matter arising under the internal revenue laws, of IRS Forms 941 and 940, for the periods set forth below, which forms were fraudulent and false as to material matters, in that the wages the defendant paid to employees of McLaughlin Equipment and McLaughlin Contracting substantially exceeded the amounts he reported to the IRS:

| Count | Date | Tax Year | Quarter or Annual | False Items |
|---|---|---|---|---|
| 1 | April 30, 2008 | 2008 | Q1 | Form 941 for McLaughlin Equipment |
| 2 | January 31, 2011 | 2010 | Q4 | Form 941 for McLaughlin Contracting |
| 3 | January 31, 2009 | 2008 | Annual | Form 940 for McLaughlin Equipment |
| 4 | January 31, 2010 | 2009 | Annual | Form 940 for McLaughlin Equipment |
| 5 | January 31, 2011 | 2010 | Annual | Form 940 for McLaughlin Equipment |

All in violation of Title 26, United States Code, Section 7206(2).

<u>COUNTS SIX - EIGHT</u>
Mail Fraud
(18 U.S.C. § 1341)

The United States Attorney further charges:

25. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 22 of this Information.

26. On or about the dates set forth below, in the District of Massachusetts, the defendant,

RICHARD D. MCLAUGHLIN,

having devised and intending to devise a scheme and artifice to defraud workers' compensation insurance carriers and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, did, for the purpose of executing the scheme and artifice to defraud, place and cause to be placed in any post office and authorized depository for mail matter, any matter and thing whatever to be sent and delivered by the United States Postal Service, and take and receive therefrom, any such matter and thing including the following:

| Count | Date | Policy Period | Insurance Carrier | Mailed Item |
|---|---|---|---|---|
| 6 | March 4, 2010 | November 6, 2008 to November 6, 2009 | National Union Fire Insurance Company of Pittsburgh, PA (A Division of Chartis Insurance) | Premium Refund Check # 91317359 in the amount of $ 8,857.00 |
| 7 | April 20, 2011 | November 6, 2009 to November 6, 2010 | ACE Property and Casualty Insurance Company | Report of Audit |
| 8 | April 30, 2012 | November 6, 2010 to November 6, 2011 | AMTrust North America, Inc. (An AMTrust Financial Company) | Premium Invoice |

All in violation of Title 18, United States Code, Section 1341.

## MAIL FRAUD FORFEITURE ALLEGATION
## (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

27. Upon conviction of one or more of the Mail Fraud offenses in violation of Title 18, United States Code, Section 1341, set forth in Counts Six through Eight of this Information, the defendant,

### RICHARD D. MCLAUGHLIN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to $60,320.00, to be entered in the form of a forfeiture money judgment.

28. If any of the property described in Paragraph 27, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant for the value of the property described in Paragraph 27 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

Respectfully submitted this 8th day of December, 2020.

                      ANDREW E. LELLING
                      United States Attorney

By:   /s/ Victor A. Wild
       VICTOR A. WILD
       Assistant U.S. Attorney
       U.S. Attorney's Office
       District of Massachusetts
       John J. Moakley U.S. Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA 02210